The opinion of the court was delivered by
McEnery, J.
Jacob U. Payne & Co., judgment creditors of Augusta C. Townsend, plaintiff in this suit, seized and sold the undivided interest of the said Townsend in the Anchorage plantation in St. Landry parish, and also his undivided half interest in twenty-four mules, five wagons, one ox cart, three horse carts and one water cart on said place at the time of the seizure.
Previous to the seizure the defendants, Jacob U. Payne & Co. under a judgment, rendered on one of the concurrent mortgage notes, seized the same undivided interest in the plantation, but did not seize the other property.
The plaintiff Townsend brings this suit to have annulled the seizure and sale of the above described property, which was not seized in the first suit, and asks that the defendants be condemned to pay him in solido the value of said movable property, to which he attaches a value of 111,570, indefault of returning the same to him.
He avers that the sale of said movable is null and void for the following reasons:
1. Because said movable property was not mortgaged with the land, or attached to it either by acts of your petitioner or by operation of law, but belonged to the partnership of Payne and Townsend.
*912 2. Because said Payne & Oo. by a previous seizure in suit No. 14,510 had seized his interest in the lands without seizing his interest in the movable property above mentioned, and had by that act severed said movable property from the land.
3. Because, as to the crops, they had been severed from the land before they were seized under executory process, and were not therefore liable to be seized in virtue of the mortgage bearing on the land.
He avers his inability to resort to the writ of injunction to prevent the sale of said property.
The defendants filed a general denial, except as to the seizure of the land, and allege that the land and the movables sold only for $4600, of which amount the seizing creditors were entitled to a pro rata of only two-thirds as the holders of two of the mortgage notes, the State National Bank of New Orleans holding the third note of' the same series. Defendants further plead that, after crediting their debt with their share of the proceeds, the plaintiff is still indebted to them in a large sum. They allege that the movables referred to-in plaintiff’s petition were attached to the plantation seized and formed a part of it, and they were covered by the special mortgage under which the plantation was seized; that the crops — corn, cotton and cane — were growing on the land at the time of the seizure in the first and the second suits by these same judgment creditors; that the rents collected after and during the seizure inured to the benefit of the seizing creditors.
They pray for a rejection of plaintiff’s demand.
There was judgment in favor of plaintiff for one-half undivided interest in ten mules, and corn and cotton to the value of $700. The •other demands of plaintiff were rejected. The defendants took a suspensive appeal from this judgment.
The grounds for this suit will be taken up in their order as stated in the petition :
1. In 1882 Henry M. Payne sold to the plaintiff, A. O. Townsend, one-half interest in the Anchorage plantation. At the time of the sale it had on it fourteen mules, wagons, carts and agricultural implements. These were placed on it for its service and improvement. These were not specially mentioned in the sale.
The sale was part cash and on credit. The note on which executory process was obtained in the suit of Payne & Co. vs. Townsend,, *913 No. —, on the docket of the District Court of St. Landry parish, was the last of the four notes executed by Townsend as the purchase price.
It can not be doubted but that the property on the place put there for its service and improvement was covered by the special mortgage executed by Townsend to Henry M. Payne for the purchase price. C. C. 468.
The planting partnership afterward entered into between Payne and Townsend, in which it was stated in the articles of agreement that the personal property on the place should be partnership property, could not so change the status of the property as to affect the rights, of a bona fide holder of the mortgage notes, secured by mortgage, not only on the land, but the property placed there by the mortgagor for its use and improvement.
The partnership of Payne & Townsend was a distinct personality from the individuals composing it. Payne and Townsend, the individual owners of the plantation, were distinct persons from the personality of Payne & Townsend. When Payne & Townsend therefore as a partnership bought and placed mules on the place, the partnership was not the owner of the property, and therefore did not place them there, destined for its improvement and use. The mules placed on the plantation by the planting partnership of Payne & Townsend after the execution of the special mortgage to Payne were not sub - ject to seizure under said mortgage.
2. Payne & Co., in suit No. 14,510, on the docket of the District Court, seized the land, but did not seize the movables. By this act the plaintiff contends the defendants in this suit, the seizing creditors, under the writ in the last suit under which the property was sold,. severed said movable property from the land, and they were estopped from seizing it in the last suit.
The second suit was an entirely distinct proceeding from the first. The simple failure to make the seizure in no way waived the right of the seizing creditors to seize the property in a second suit in a writ issued in a proceeding obtained by a holder, although the same party, of another of the concurrent mortgage notes.
It was an indulgence, and so recognized in the suit of Townsend vs. Payne, just decided; and there was no reason during the pending of that suit why the creditors could not have changed their intention,. withdrawn their indulgence and seized the property.
*914 3. Under the seizure in the first suit all the crops on the Anchorage plantation were growing. The gathering of the crops by the seizing creditors through the. sheriff, and storing them in barns or cribs or cotton houses, did not change the character of the property. They inured to the benefit of the seizing creditor. When thus gathered, and the same creditor under the same mortgage makes another seizure, the first note having expired, they still remain subject to seizure, and can be sold under a second writ.
The rents, whether payable in money or part of the crop when seized by the sheriff, inure to the benefit of the seizing creditor under the express provisions of the law. C. O. 466; O. P. 656.
We conclude that all the property seized, except the ten mules placed on the Anchorage plantation by the planting partnership of Payne & Townsend, was subject to seizure under plaintiff’s writ.
It is therefore ordered, adjudged and decreed that the judgment appealed from be amended so as to reject all the demands of plaintiff, except for the one-half interest in the ten mules. In other respects it be affirmed., plaintiff to pay costs of appeal.